OVERTON, Justice.
This cause arises from an order of the Broward County Court holding section 318.-15, Florida Statutes (1977), concerning driver license suspension, to be unconstitutional. We have jurisdiction and reverse. Art. V, § 3(b)(1), Fla.Const. We find the statute meets constitutional due process standards and is valid.
Appellees were both charged under section 322.34, Florida Statutes (1977), with the criminal traffic violation of driving while their licenses were suspended. The suspensions, which resulted from appellees’ failure to appear at their respective traffic violation hearings, arose under section 318.-15, which provides as follows:
Failure to comply with the civil penalty; to appear; to post bond; penalty.-If a person fails to post bond and to appear at the hearing without having paid the civil penalty, fails to attend driver improvement school if imposed, or fails to pay the civil penalty imposed, his driver’s license and privilege shall be deemed suspended. The suspension shall be effective on the *1231 date the person fails to appear at the hearing as set forth above or fails to comply with the civil penalty imposed.
Appellees contended, and the trial court held, that section 318.15 is unconstitutional because there is no provision requiring a separate hearing after notice on the issue of the traffic violator’s good cause for his or her nonappearance at a hearing for the traffic violation. The trial court held that the “statute is constitutionally infirm, as it does not make provision for notice and opportunity for hearing, on the crucial issue of justification or good cause for non-appearance at arraignment or final hearing,” citing Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977), and Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). We disagree.
Under our motor vehicle statutory scheme, a motorist receiving a citation must either pay the fine or be present at the hearing concerning the traffic citation. If the traffic violator fails to pay the penalty or, in the alternative, to appear before the designated court, his driver’s license is suspended effective on the date the person fails to appear at the hearing in accordance with section 318.15. The uniform traffic citation, which the motorist must acknowledge upon receipt, clearly states these two alternatives and, in addition, has space for the arresting officer to insert the specific date, time, court, and location of the hearing. In some instances the citation states that the motorist must appear at a specific location at any time during a stated period of days. We see no constitutional requirement that the state conduct a hearing subsequent to the failure to appear before suspending the violator’s license.
The trial court found that in some instances the citation states only that the hearing is “to be set,” with postal notice of the time of the hearing to be sent subsequently to the traffic violator. We recognize that this type of notice raises the issue addressed by a three-judge United States District Court in Pollard v. Panora, 411 F.Supp. 580 (D.Mass.1976). In Pollard the district court declared a license suspension statute unconstitutional for failure to provide a pre-suspension hearing, where all hearing notices on the traffic violation were conveyed by standard postal delivery. We realize that under these circumstances the state has the burden to establish that the notice of the hearing was sent to the address on the citation. This burden may be satisfied by the use of certified mail, which would ensure delivery to the proper person. Because of the problems inherent in a postal notice scheme, we suggest that the procedure of stating on the citation that the hearing time is “to be set” be avoided. From the record submitted to this court, postal notice does not appear to have been an issue in either of the instant cases.
The trial court further found that the possibility of clerical error might constitute a deprivation of due process. We again disagree, and find that the fact that there may be an opportunity for clerical error does not, of itself, invalidate a statute or constitutionally require another type of hearing. We note that the United States Supreme court dismissed the possibility that clerical error might constitute a deprivation of due process in Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979), and Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977).
We find section 318.15, Florida Statutes, is constitutional and remand these causes to the county court for further proceedings consistent with the views expressed in this opinion.
It is so ordered.
ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C. J., dissents.